JOHN D. CANZANO *vs.* EDWARD A. MCLAUGHLIN, *Director of Department of Health.*

SAME *vs.* LESTER A. ROUND, PH.D., *Director of Department of Health.*

MAY 5, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an appeal to the superior court from a decision of the director of the state department of health revoking appellant's license to practice osteopathy. On motion of the respondent, the superior court denied and dismissed the appeal on the ground that it should have been brought in the supreme court. The appellant excepted to

this decision and has duly prosecuted his exception to this court.

The appellant has also filed in this court what he has entitled "Petition for a Trial." If the above exception is overruled he asks for relief for a number of reasons set forth in the petition and supported by affidavits. This petition does not appear to have been filed under the express provisions of any statute but petitioner, in his brief, bases his right to be heard thereon and to relief thereunder on the provisions of general laws 1938, chapter 495, § 2, vesting this court with general supervision of all courts of inferior jurisdiction for the correction and prevention of errors and abuses therein.

The appellant's exception is without merit. The statute regulating the practice of osteopathy expressly provides that an appeal from a decision of the director may be taken to this court. G. L. 1938, chap. 275, § § 5, 13. Appellant argues that the statute is ambiguous for the reason that § 13 provides that all provisions of the chapter shall apply to the practice of osteopathy, and § 25 of the chapter provides for an appeal to the superior court. But the appellant overlooks the fact that by the very words of § 25 this appeal is expressly restricted to a person "aggrieved by a decision or ruling of the director of public health . . . in regard to any of the provisions of § § 14 to 26 inclusive . . . ." Those sections do not apply to the practice of osteopathy but solely to the practice of chiropractic and physiotherapy.

This seeming confusion in the statute is readily clarified when we refer to the history of this legislation. Originally the statute governed only the practice of medicine. G. L. 1909, chap. 193 as amended. Thereafter, in 1914, sec. 13 was added and provided that the statute should apply to osteopathy. Later, in 1927, the statute was amended by adding secs. 14 to 26, inclusive, providing for the regulation of the practice of chiropractic. P. L. 1927, chap. 1067. And still later, in 1931, the statute was further amended to provide for regulation of the practice of physiotherapy. P. L.

1931, chap. 1781. None of those amendments altered in any way the express provisions of sec. 5 of the original statute governing appeals to the supreme court from decisions regulating the practice of medicine and osteopathy, but it was expressly provided by sec. 25 that there should be an appeal to the superior court from decisions in regard to the practice of chiropractic and physiotherapy. The appellant's exception is accordingly overruled. The decision of the superior court is affirmed, and the case is remitted to the superior court.

Appellant concedes in his brief that he cannot by his "Petition for a Trial" take advantage of G. L. 1938, chap. 535, § 6, as that section is restricted to a person who is aggrieved "by any order, decree, decision, or judgment of the superior court or of any probate court or any town council . . . ." But he claims that under a broad construction of the statute conferring upon this court the power of "general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein when no other remedy is expressly provided . . . ", we are empowered to grant the relief sought by his petition. G. L. 1938, chap. 495, § 2.

There are at least two decisive reasons why the appellant is not entitled to invoke that particular section. First, because this power is limited to supervision over "all courts of inferior jurisdiction"; and second, the statute under which the director of the state department of health was authorized, after a hearing, to revoke appellant's license to practice osteopathy, expressly provides a remedy by which the director's decision may be judicially reviewed, namely, an appeal to this court.

The appellant actually pursued this remedy, except that through mistake or negligence he appealed to the wrong court. We are clearly of the opinion that under such circumstances, even though § 2, broadly construed, could be held to include administrative officers or boards when acting in a *quasi* judicial capacity, such section was never in-

tended for the relief of one who had neglected or failed to take advantage of an express remedy which was available to him.

The right of review of decisions of administrative officers or boards, except for errors of law, rests in the discretion of the legislature. If the legislature authorizes such review in express terms, the appellant must comply therewith. There is no ground, therefore, upon which we may entertain appellant's "Petition for a Trial", and it is accordingly denied and dismissed.

*Aram A. Arabian, Benjamin Cianciarulo,* for appellant.

*John H. Nolan,* Attorney General, *A. Norman LaSalle,* counsel for Department of Health, for respondent.